UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| W.L.G., Petitioner, - against - KENNETH GENALO, Field Officer Director of New York, Immigration and Customs Enforcement, *et al.*, Respondents. | **MEMORANDUM DECISION AND ORDER** 26-cv-5627 (BMC) |

**COGAN**, District Judge.

Petitioner W.L.G., a Peruvian national, seeks a writ of habeas corpus under 22 U.S.C. § 2241. Petitioner seeks immediate release from U.S. Immigration and Customs Enforcement ("ICE") detention or, in the alternative, a bond hearing, at which respondents must justify his ongoing detention by clear and convincing evidence. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner entered the United States in 2022 without inspection. He was subsequently encountered by United States Border Patrol officers, detained, and released on parole. He fled Peru after gang members targeted and threatened him, and his application for asylum, withholding of removal, and relief under the Convention Against Torture is pending.

On March 2, 2026, ICE officers arrested W.L.G. as he exited the Nassau County Correctional Center ("NCCC"). Petitioner had been in state custody for criminal charges related to his alleged failure to abide by a stay-away order, and he had been released on his own recognizance shortly before his ICE arrest.

Since his arrest, petitioner has been detained at both Delaney Hall and the Metropolitan Detention Center ("MDC"). In August 2026, he was transferred to NCCC pursuant to a writ *ad prosequendum* to resolve his open criminal case.

On August 11, 2026, petitioner filed a habeas petition in the District of New Jersey. (He was detained at Delaney Hall at the time.) Petitioner argued that his arrest and detention violated Due Process and that he was entitled to either immediate release or a bond hearing at which the Government would bear the burden of justifying his continued detention by clear and convincing evidence. Judge Neals granted the petition on August 19, 2026, holding that (1) petitioner's mandatory detention under 8 U.S.C. § 1225(b) was unlawful; (2) petitioner should be treated as detained under 8 U.S.C. § 1226; and (3) the Government must provide petitioner an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).

Petitioner's bond hearing took place on August 26, 2026, and the immigration judge denied bond based on his finding that petitioner was both a flight risk and a danger to the community.[1] On August 28, 2026, petitioner filed a motion for reconsideration in the District of New Jersey, arguing that the court should reconsider its decision regarding the proper remedy and order petitioner's immediate release from detention. In his memorandum in support of that motion, petitioner argues in relevant part that "the bond hearing [he] received did not meet constitutional standards because he bore the burden of proof to justify release and the Immigration Judge did not consider alternatives to detention."

On September 11, 2026, petitioner filed the instant petition in this Court, arguing that his "bond hearing failed to satisfy due process" and asking the Court to order his immediate release

---

[1] It is not clear from the hearing transcript which party bore the burden of proof. Petitioner argues that he bore the burden of proof and the Government should have. The Court need not decide this issue because the petition is denied on an independent basis.

or a "constitutionally adequate bond hearing at which the Government bears the burden of proof" and "the adjudicator must meaningfully consider alternatives to incarceration."

## LEGAL STANDARD

Habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91 (2011); see also Ozturk v. Hyde, 136 F.4th 382, 393 (2d Cir. 2025). The Court may issue a writ under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." Lopez v. Sessions, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing Demore v. Kim, 538 U.S. 510, 516-17 (2003)).

## DISCUSSION

"Under the common law 'abuse of writ' doctrine, a court need not entertain a petition that abuses the habeas process." Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004). "One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition," and "the repetition of a previously asserted claim can be at least as abusive as raising new claims that could have been pursued in a prior petition." Id. Courts in this Circuit have applied the abuse of writ doctrine to successive habeas petitions challenging immigration detention. See, e.g., Kumar v. Maldonado, No. 26-cv-3516, 2026 WL 1802984, at *3 (E.D.N.Y. June 23, 2026); Kuprashvili v. MDC Brooklyn, No. 26-cv-2581, 2026 WL 1481860, at *2 (E.D.N.Y. May 27, 2026); Cardona v. Taylor, No. 17-cv-320, 2017 WL 1291996, at *2 (S.D.N.Y. April 3, 2017). Here, the Court declines to evaluate the merits of petitioner's claims because the relief requested in the instant petition and the relief requested in

petitioner's motion for reconsideration of the petition filed in the District of New Jersey are essentially identical.

Petitioner brings "precisely the same argument in his second petition as he did in his first petition." Cardona, 2017 WL 1291996, at *2. Although petitioner raises the repeated arguments in a motion for reconsideration of his first petition rather than in the first petition itself, that is a distinction without a difference. Petitioner insists that this petition "differs from the prior New Jersey petition because [he] now challenges the adequacy of the August 26, 2026 bond hearing, which had not yet occurred at the time of the prior petition." He also argues that he asserts a new claim here because, at the time he filed his District of New Jersey petition, he had been detained for less than six months, and his detention has now surpassed the six-month, presumptively reasonable duration. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Both arguments ignore entirely the motion for reconsideration, which the District of New Jersey has not yet decided.

The District of New Jersey is therefore perfectly capable of assessing whether petitioner's bond hearing was inadequate and whether petitioner's detention is no longer reasonable. If petitioner is unsatisfied with the District of New Jersey's decision on his motion for reconsideration, the proper course of action is to appeal, not to file a new petition in another district court. See Kuprashvili, 2026 WL 1481860, at *2 ([T]o the extent that any cause might exist for reconsideration of his claims, Petitioner is already in a position to raise such arguments [on appeal]."); Kumar, 2026 WL 1802984, at *3 ("[T]he availability of an appellate remedy … supports a finding of abuse of the writ here.").

## CONCLUSION

The petition is denied for the reason set forth above.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
September 30, 2026